THE STATE OF KANSAS v. W. L. SMITH.

No. 14,811.     (85 Pac. 1020.)

SYLLABUS BY THE COURT.

CRIMINAL LAW — *Opinion of a Juror* — *Challenge for Cause.* Where in a criminal trial the examination of a juror upon his *voir dire* discloses that he has formed an opinion as to the existence of a fact material to be proven on the trial, and upon his belief of such fact has formed an opinion as to the defendant's guilt, such juror should be excused from service upon a challenge for cause.

Appeal from Comanche district court; EDWARD H. MADISON, judge. First opinion filed July 6, 1906. Reversed. Rehearing allowed October 6, 1906. Second opinion filed February 9, 1907. Judgment of the district court affirmed.

*C. C. Coleman,* attorney-general, and *R. A. Strain,* county attorney, for The State; *Francis C. Price,* of counsel.

*Dale & Amidon,* and *John W. Davis,* for appellant.

The opinion of the court was delivered by

SMITH, J.: The appellant was convicted of the crime of statutory rape in the district court of Comanche county, and appeals to this court. The evidence was of the most extraordinary character, and, aside from the circumstance that the defendant departed from the state and was arrested elsewhere, which fact seems to have been given great prominence, consisted almost

entirely of the statements of the injured party. While there is evidence sufficient to sustain the finding of the jury, the statements of the injured party, long persisted in out of court, were contradictory of her sworn testimony; and this, together with the extraordinary character of the crime as related by her, suggests that at another trial new facts may be developed and another jury may come to a different conclusion.

The principal error assigned upon the trial relates to the qualification of juror O. E. Fish. Referring to the departure of the defendant from the state, the following is a portion of the evidence given by this juror upon his *voir dire:*

"Ques. You mean by that that you heard no contradiction of it and you did believe it? Ans. I believed that he had gone; yes."

"By the court.: How is that? A. I believed that he went away; yes."

"Q. And you believed that he went away contrary to law? A. Yes, sir.

"Q. And was brought back by the sheriff? A. Yes, sir; that is the way I heard it.

"Q. And you feel that you are called to believe that at this time? A. Yes, sir."

"Q. Well, now, it would take some evidence at this time submitted by the defendant in his behalf to remove the various partial opinions that you have formed? A. I rather think it would.

"Q. And they relate to the question of his guilt or innocence? A. Yes, sir.

"Q. And on that you have partially made up your mind? A. Why, I assumed that he would be guilty or he would not have went away. I would have no opinion only he went away."

"Q. Has anything occurred to change that belief in your mind? A. I don't think there has."

"Q. Well, if this case was submitted to you, if this case was submitted to you now you would require some evidence on the part of the defendant to remove the impression just testified to that you previously formed, would you not? A. Yes, sir."

"Q. What is that impression based on? A. On the ground that he was arrested on that charge.

The State v. Smith.

"Q. And brought back here from New Mexico? A. Yes, sir.

"Q. And it is also based on what you have heard about the case? A. No, sir; I never heard anything in particular about the case, only just that they had made the arrest.

"Q. Then if testimony should be offered to that feature of this case then it would have some influence on your verdict? A. It probably would.

"Q. Regardless of anything the defendant might testify to on that issue? A. I do not know what he would testify to, but of course I would go according to the evidence as near as I could.

"Q. At this time you would require the defendant to testify to something to remove that opinion from your mind? A. Yes, sir."

While the juror modified these statements somewhat under suggestive questions by the court and testified that he thought he could set aside the opinion he had formed and determine the case according to the evidence, yet it is apparent that he started into the trial (the defendant's challenge to his competency having been overruled) with an opinion that the defendant had fled from the state; that by reason of that fact he believed the defendant guilty; and that to remove such opinion the defendant himself would have to testify, and would have to satisfy the juror from such testimony, that he went for some other reason and not for the reason that he was accused of the crime. The fact that the defendant had left the state and was rearrested in New Mexico and brought back was conceded by all on the trial. Hence this juror was in the position of having formed an opinion before the trial that the defendant was guilty, upon a fact which was not in controversy at the trial. He should have been excused upon the defendant's challenge.

The tendency is to relax the old rules disqualifying jurors to sit on a criminal trial by reason of opinions or impressions formed prior to the hearing of the evidence. In view, however, of the extraordinary evi-

25—74 KAN.

dence in this case, and the prominence that was given on the introduction of the evidence and in the instructions of the court to the circumstance of the defendant's having left the state, we feel that the defendant may have been prejudiced by the opinion of this juror formed prior to the hearing of the evidence.

Complaint is also made of instruction No. 15 given by the court, which, so far as its correctness is questioned, reads:

"If you are convinced by the evidence that any witness has wilfully and corruptly testified falsely as to any matter or thing material to the issue in this case, you are at liberty to disregard all of the testimony of such witness; but whether or not you will do so is a matter resting entirely with you. You are not compelled to reject all the testimony of such witness, but may and should consider such portions of it as you find to be worthy of credit and give it such weight as you believe it entitled to, considering all the facts and circumstances of the case."

The language used in the first sentence of this instruction has been inferentially approved by decisions of this court. The writer of this, however, is inclined to believe that the word "corruptly" should be omitted therefrom, or that it should be preceded by the word "or" instead of the word "and." As used in this instruction the impression seems to be conveyed that it is not sufficient to justify a jury in disregarding the testimony of a witness that they may be convinced by the evidence that such witness has wilfully testified falsely, but they must also believe that he has corruptly testified falsely. And "corruptly," so far as it carries any meaning in addition to wilfully, suggests the idea of having been suborned to testify falsely. If this criticism is well taken the better language would be "wilfully or corruptly," or still better, as the writer thinks, "wilfully, knowingly or corruptly." As a substitute for the last clause of the first sentence the writer suggests: "but whether or not you should do so

The State v. Smith.

is a matter resting entirely in your judgment." The writer also suggests the insertion of the words "if any" after the clause in the second sentence: "but may and should consider such portions of it." The reversal of this case, however, is not based upon this instruction.

Numerous other errors are assigned which need not be discussed nor determined, as the same questions are not likely to recur. The judgment of the district court is reversed, and a new trial is awarded.

All the Justices concurring.

---

OPINION ON REHEARING.

(89 Pac. 21.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS—*Challenge for Cause—Question of Fact.*— The trial provided for by statute (Gen. Stat. 1901, §§ 5647, 5648) of a challenge to a juror for cause is a summary hearing upon a question of fact, and the decision thereof is analogous to a finding of fact upon the decision of a motion.

2. ———— *Finding Supported by Evidence—Supreme Court Not Bound Thereby.* In such a case the ordinary rule of this court applicable to the determination of facts by a jury or court in the trial of the contested issues of an action—that it will not disturb such finding if supported by some evidence— does not obtain.

3. ———— *Opinion—Disqualification.* In such summary hearing of a challenge to a juror on the ground of predetermined opinion, formed or expressed, the real question is whether the juror knows facts or has received information of facts which he believes to be true and from such facts has a settled conviction or opinion as to the issue or as to any material fact to be tried by the jury.

4. ———— *Review of Finding by Trial Court on a Challenge for Cause.* On an appeal this court will review the evidence on such summary hearing, giving such weight to the finding of the trial court thereon as it appears entitled to, but will not disturb such finding unless satisfied that prejudicial error has occurred therein.

The opinion of the court was delivered by

SMITH, J.: Upon a reconsideration of this case we have concluded, with some reluctance, to overrule the former decision of this court and to affirm the judgment of the court below. Our former decision reversing the judgment of the trial court was based upon an alleged error of the court in overruling the challenge of the defendant to juror Fish on the ground of an opinion formed previous to the trial as to the guilt of the defendant. As remarked in the opinion, the extraordinary character of the evidence upon which the defendant was convicted was given some consideration.

It is contended, however, that in its appellate jurisdiction this court should pay no heed to the justice of a cause, but that its sole function is the correction of errors in the proceedings brought up by the appeal; that the rules of law are inflexible, in so far at least that if the verdict is sustained by some competent evidence, and there is no clear infraction of a rule of law in the instructions or rulings of the court, a judgment based upon such verdict should not be reversed although the judgment may appear to effect an injustice. As an abstract proposition this contention is well sustained. Courts, however, are composed of men; and men whose lives are devoted to the administration of justice have ever been, and always will be, prone to look beyond technical considerations to final results. In the case at bar the conduct of the defendant in leaving the state when he was under bond to appear and answer to the charge, and also a statement in reference to the matter which was attributed to him, go far toward justifying the verdict and judgment and giving an unfavorable construction, as to him, of certain evidence which would otherwise seem incredible.

As indicated in the former opinion, the portions of the evidence of juror Fish which were quoted were excerpts. Interspersed with these statements were others: That the defendant was a stranger to the juror;

that the juror had formed no opinion from what he had heard as to the merits of the case; that, in substance, he knew nothing of the case except what he had heard in regard to the defendant's having gone away; that he could set aside any impression he had and give the defendant a fair trial and follow the law and the evidence; and that he thought he could give the defendant the presumption of innocence. The juror was asked leading and suggestive questions by the prosecuting attorney, the attorney for the defendant, and also by the court, and he seems to have adopted nearly every suggestion made to him and to have answered as the one asking the questions appeared to desire. He abundantly proved both his qualification and his disqualification as a juror. If he had served on the jury and they had been unable to agree he would probably have agreed with one part that the defendant was guilty and at the same time with the other part of the jury to a verdict of not guilty. Be it said, however, that the juror seemed to understand fully the purport of the questions and to answer them frankly. With eleven men so constituted upon a jury the twelfth man, being of positive opinions, could return a verdict either way he chose. He would practically be the entire jury.

Judged alone by the evidence as reported, the juror might well have been excused. His qualification, however, was a question of fact to be tried by the court, and the court saw the man, observed his demeanor and bearing, and decided the fact. While perhaps the ordinary rule does not obtain—that a finding of fact in issue upon a trial, made by a court or jury, will be sustained if supported by any evidence—yet the finding in this case, although made upon a summary hearing, is entitled to consideration for reasons before stated, and as it is not clear that a prejudicial error occurred the finding is sustained.

This case well illustrates the evils of asking leading and suggestive questions to jurors upon their *voir dire*.

It is sometimes as objectionable as upon the trial of a formal issue, and should be discouraged, or at least limited. Its only excuse is the summary character of such inquiries. It saves time.

The judgment of the district court is affirmed.

MASON, PORTER, GRAVES, JJ., concurring.

JOHNSTON, C. J., GREENE, BURCH, JJ., concur in the judgment of affirmance.